**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| AMERICAN FURNITURE RENTALS, INC., | : | |
| | : | |
| | : | Case No. _____ |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| CORPHOUSING GROUP INC., SOBENY PARTNERS INC., VACATION RENTALS LLC, CORPHOUSING LLC d/b/a SOBE NY RENTALS, S-BE RENTALS LLC, JIMMIE CHATMON, JOHN DOES I-V, and ABC COMPANIES I-V, | : : : : : : : | |
| | : | |
| Defendants. | : | |
| | : | |

**VERIFIED COMPLAINT FOR DAMAGES, REPLEVIN, AND EQUITABLE RELIEF**

Plaintiff, American Furniture Rentals, Inc. ("Plaintiff" or "AFR"), by and through its undersigned attorneys, brings this Complaint for Damages, Replevin, and Equitable Relief against defendants CorpHousing Group Inc. ("CorpHousing Inc."), SoBeNY Partners Inc. ("SoBeNY Inc."), Vacation Rentals LLC ("Vacation Rentals"), CorpHousing LLC d/b/a SoBeNY Rentals ("CorpHousing LLC"), S-Be Rentals LLC ("S-Be Rentals"), Jimmie Chatmon ("Mr. Chatmon"), and certain unknown individuals and entities which may hereafter be named (collectively, the "Defendants") for (i) breach of contract; (ii) account stated; (iii) unjust enrichment; (iv) fraud – intentional misrepresentation; (v) negligent misrepresentation; (vi) conversion; (vii) trespass to chattels; (viii) replevin; (ix) preliminary and/or permanent injunctive relief; (x) appointment of a receiver; and (xi) successor liability/de facto merger or consolidation. In support of its claims, Plaintiff alleges the following:

## INTRODUCTION

1.      AFR is one of the country's leading suppliers of rental furniture used for furnishing extended stay residential units located in hotels, apartments, and other residential facilities.  On January 7, 2021, Mr. Chapman, purporting to act on behalf of Vacation Rentals, executed a lease agreement (the "Lease") with AFR whereby AFR would supply furniture for use in residential units located across the Country.  Beginning on or about January 12, 2021, AFR began the first of many shipments of hundreds of thousands of dollars worth of furniture (the "Leased Furniture") to approximately 125 extended stay residential units nationwide (the "Rental Units").  Vacation Rentals and/or its affiliates would, in turn, make use of the furniture pursuant to various agreements with third parties who controlled the Rental Units.

2.      The Lease went into default in or about November 2021 because Vacation Rentals failed to make Lease payments as and when due.  Consequently, on February 7, 2022, AFR demanded that Vacation Rentals return all Leased Furniture supplied under the Lease, and further demanded that Vacation Rentals satisfy the outstanding balance that it owed to AFR.  Ignoring AFR's demands, Vacation Rentals failed to return all Leased Furniture and has not satisfied the outstanding balance due and owing to AFR.  As of September 1, 2022, Vacation Rentals and/or its affiliates owe AFR $729,470.40 in outstanding rental charges that have accrued under the Lease. Rental charges will continue to accrue until Vacation Rentals returns all Leased Furniture to AFR.

3.      After the Lease went into default, AFR discovered that Vacation Rentals had been voluntarily dissolved under the laws of the State of Florida effective as of December 31, 2017 — ***more than three years before Mr. Chatmon purported to enter Vacation Rentals into the Lease***. AFR also learned that Mr. Chatmon made multiple other misrepresentations to AFR, all of which were intended to induce AFR to enter into the Lease.  Presently, a web of individuals and entities

affiliated and/or associated with "Vacation Rentals" are the *true* beneficiaries of AFR's Leased Furniture — Mr. Chatmon, CorpHousing Inc., SoBeNY Inc., CorpHousing LLC, and S-Be Rentals — all of whom continue to benefit from utilizing the furniture without making payments to AFR in return. As it turns out, what was purported to be "Vacation Rentals" was in reality a shell, alter ego, and/or fiction for Mr. Chatmon, CorpHousing Inc., SoBeNY Inc., CorpHousing LLC, and S-Be Rentals as debtors.

4. Just as troubling as the fraud committed upon AFR is AFR's narrowing window of recovery and diminishing ability to mitigate its losses. Generally, AFR's damages are compounded by its inability to benefit from the Leased Furniture that it shipped around the country under false pretenses: (1) $729,470.40 in *outstanding* rental payments are due and owing to AFR; and (2) AFR is unable to fully mitigate continuing losses from *ongoing* rental charges by leasing all the Leased Furniture to others willing to pay for it.

5. Further imperiling AFR's ability to be made whole is AFR's discovery that the Corporate Defendants (as defined below) have been and remain insolvent or in the zone of insolvency. In a recent S-1 filing submitted to the United States Securities and Exchange Commission ("SEC"), CorpHousing Inc. represented that it had net operating losses of $4,615,725 and $2,233,384 in 2020 and 2021, respectively. Moreover, as of year-end 2021 CorpHousing Inc. had a shareholder deficit of $10,208,990. Despite these net losses and a shareholder deficit, Brian Ferdinand, CorpHousing Inc.'s CEO and majority shareholder, increased his personal salary from $358,593 to $721,506 from 2020 to 2021. Further, AFR recently has discovered that the Corporate Defendants have defaulted on their contractual obligations owed to owners of certain Rental Units where some of the Leased Furniture is located.

6.     In light of these discoveries, AFR seeks the following:  (1) a money judgment against all Defendants, (2) an order of replevin and/or seizure to immediately regain possession of the outstanding Leased Furniture from wherever the furniture is located, (3) as an alternative to replevin or seizure, an injunction to compel the return of the remaining Leased Furniture and to restrain or enjoin Defendants from undertaking any acts or omissions that would inhibit AFR's ability to regain possession of all Leased Furniture, and, if necessary, (4) the appointment of a federal receiver to operate the Corporate Defendants for the benefit of non-insider creditors and other constituents.  AFR's repossession of the remaining Leased Furniture would enable it to lease the furniture to others willing to pay for it, thereby mitigating its damages.

**NATURE OF THE ACTION**

7.     AFR is a furniture rental company that leases furniture for use in trade shows, special events, commercial offices, and residential units nationwide.

8.     Defendants engage in the short-term rental of furnished individual, multi-family, hotel, and vacation rental units to guests in metropolitan areas across the United States.

9.     On January 7, 2021, Mr. Chatmon, purporting to act on behalf of Vacation Rentals, entered into the Lease with AFR whereby AFR supplied Leased Furniture to Vacation Rentals for the purpose of furnishing Rental Units.

10.     The Lease is a "true lease" under which AFR continues to own the Leased Furniture, but rents it pursuant to the terms of the Lease.

11.     From January 12, 2021 to November 16, 2021, AFR shipped Leased Furniture to "Vacation Rentals" for use at approximately 125 separate Rental Units that were purportedly owned, managed, or rented by Vacation Rentals.

12.     Though AFR shipped the Leased Furniture to the Rental Units as instructed by personnel purporting to act on behalf of Vacation Rentals, the Lease has been in default since in or about November 2021.

13.     After the Lease went into default, AFR discovered, among other things, that Vacation Rentals had been voluntarily dissolved long before the Lease was executed, and thus Vacation Rentals did not have the corporate status it purported to have.

14.     Upon information and belief, the individuals and entities that utilize and currently benefit from AFR's Leased Furniture are CorpHousing Inc., SoBeNY Inc., CorpHousing LLC, S-Be Rentals, Mr. Chatmon, and/or possibly others.

15.     Defendants' breaches have resulted in substantial lost business and other harm to AFR for which it is entitled to monetary and other damages.

16.     Further, monetary relief alone is inadequate, as some or all of the Defendants continue to use and profit from AFR's Leased Furniture while AFR is unable to lease its property to third parties willing and able to pay for it.

17.     Regardless of the availability of any other remedy at law or in equity, AFR is entitled to a replevin and/or writ of seizure.

18.     Alternatively, AFR is entitled to equitable or injunctive relief to compel the return of the Leased Furniture that AFR shipped at the behest of "Vacation Rentals."

## PARTIES

19.     AFR is a Pennsylvania corporation with its principal place of business at 720 Hylton Road, Pennsauken, New Jersey 08110.

20.     Vacation Rentals was a Florida limited liability company with its principal place of business at 1200 Ocean Drive, Miami Beach, Florida 33139.  Vacation Rentals was voluntarily dissolved effective as of December 31, 2017.

21.     Mr. Chatmon is a competent adult individual who, upon information and belief, resides at 180 NE 29th Street, #828, Miami, Florida 33137.

22.     CorpHousing Inc. is a Delaware corporation with its principal place of business at 2125 Biscayne Blvd., Suite 253, Miami, Florida 33137.

23.     SoBeNY Inc. is a Delaware corporation with its principal place of business at 2125 Biscayne Blvd., Suite 253, Miami, Florida 33137.

24.     CorpHousing LLC is or was a Delaware limited liability company whose sole member is or was CorpHousing Inc.  In an S-1 Prospectus filed with the SEC on May 18, 2022 (the "S-1"), CorpHousing Inc. represented that CorpHousing LLC was converted into CorpHousing Inc. in or about January 2022.

25.     S-Be Rentals is or was a Delaware limited liability company whose sole member is or was CorpHousing Inc.   In its S-1, CorpHousing Inc. represented that S-Be Rentals was converted into CorpHousing Inc. in or about January 2022.

26.     Though CorpHousing Inc. has represented in its S-1 that CorpHousing LLC and S-Be Rentals were converted into CorpHousing Inc., both entities appear to be viable and active in the State of Florida.  Accordingly, AFR names CorpHousing LLC and S-Be Rentals as Defendants herein to the extent they remain active and distinct entities.

27.     John Does I-V and ABC Companies I-V are entities and individuals affiliated with CorpHousing Inc. that may be discovered to have engaged in acts or omissions giving rise to any claim for relief set forth in this Complaint.

28.     CorpHousing Inc., SobeNY Inc., Vacation Rentals, CorpHousing LLC, S-Be Rentals, and any ABC Companies hereinafter named will be collectively referred to as the "Corporate Defendants").

29.     Upon information and belief, at all material times Mr. Chatmon acted as the agent of the Corporate Defendants, was conferred decision-making authority by the Corporate Defendants, and was authorized by the Corporate Defendants to undertake the actions described herein such that all Defendants are jointly and severally liable.

## JURISDICTION AND VENUE

30.     This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the parties are citizens of different States and the amount in controversy exceeds $75,000, exclusive of interest and costs.

31.     This Court has personal jurisdiction over all Defendants for the following reasons, among other reasons set forth herein:

    a.  "Vacation Rentals" contractually agreed to submit to the jurisdiction of the courts of the Commonwealth of Pennsylvania or the United States District Court for the Eastern District of Pennsylvania in the event a legal dispute between the Lease parties were to arise;

    b.  Mr. Chatmon, purporting to act on behalf of "Vacation Rentals," (i) fraudulently induced AFR to enter into the Lease with an entity that did not have an independent corporate existence, (ii) commingled the purported accounts of "Vacation Rentals" with his personal accounts, (iii) failed to adhere to corporate formalities, (iv) used "Vacation Rentals" as his and the remaining Corporate Defendants' shell entity, alter ego, and/or instrumentality to defraud or otherwise harm AFR, and, upon

information and belief, (v) personally benefitted from the fraudulent conduct, including but not limited to, transferring the Leased Furniture to one or more of the other Corporate Defendants in which he has an equity interest;

c. "Vacation Rentals" also is the alter ego and/or instrumentality of CorpHousing Inc., SoBeNY Inc., CorpHousing LLC, and S-Be Rentals because after its dissolution, (i) "Vacation Rentals" and the remaining Corporate Defendants shared or share a common identity, (ii) upon information and belief, the assets of "Vacation Rentals" were used by CorpHousing LLC and S-Be Rentals, which were later converted into CorpHousing Inc. and SoBeNY Inc, (iii) "Vacation Rentals" de facto merged or consolidated into CorpHousing Inc., (iv) upon information and belief, there is a commonality of ownership and control between "Vacation Rentals" and the remaining Corporate Defendants; and (v) the remaining Corporate Defendants presently are utilizing the outstanding Leased Furniture at the Rental Units.

d. Accordingly, Vacation Rentals' forum-related activities and voluntary assumption of personal jurisdiction through execution of the Lease is imputed to the remaining Defendants.

e. Separately, upon information and belief, all Defendants have sufficient contacts with Pennsylvania for the exercise of personal jurisdiction under Pennsylvania's long arm statute, 42 Pa. C.S. § 5322.

32.     Venue is proper under 28 U.S.C. § 1391(b) because all Defendants, by imputation, contractually agreed to submit to the jurisdiction of the courts of the Commonwealth of Pennsylvania or the United States District Court for the Eastern District of Pennsylvania in the event of any legal dispute with AFR.

## FACTUAL BACKGROUND

**A.    Mr. Chatmon Fraudulently Enters Vacation Rentals Into The Lease With AFR**

33.    On January 3, 2021, Mr. Chatman completed and submitted AFR's standard "Corporate Credit Application" (the "Lease Application") for the purpose of entering Vacation Rentals into a "true lease" with AFR for Leased Furniture.  A true and correct copy of the Lease Application is attached hereto as **Exhibit "1"**.

34.    In the Lease Application, Mr. Chatmon represented that he was the Vice President and Treasurer of "Vacation Rentals LLC," which he implied to have been in business for the past three years.  **Exhibit "1"** at p.1.

35.    Mr. Chatmon also made representations concerning Vacation Rentals' current address, telephone number, and other identifying information.  *Id.*

36.    Relying on these representations, among other things, on January 7, 2021, AFR, as lessor, and Vacation Rentals, as lessee, entered into the Lease for Leased Furniture to be supplied to and utilized at various Rental Units purportedly managed or rented by Vacation Rentals.  A true and correct copy of the Lease is attached hereto and incorporated herein as **Exhibit "2"**.

37.    Mr. Chatmon signed the Lease as "Partner" of "Vacation Rentals" and further represented that "AFR and **Vacation Rentals LLC** agree to be bound by the terms of this Master Furniture Rental Agreement and Lease and have **caused it to be executed by their duly authorized representatives** as of the Effective Date set forth above."  **Exhibit "2"** at p.5 (emphasis added).

38.    By signing the Lease, Mr. Chatmon represented that Vacation Rentals maintained an effectual corporate existence.

39.    Under the Lease, "Vacation Rentals" agreed to rent the Leased Furniture from AFR

in accordance with the Inventory, Packages and Pricing Sheet attached to the Lease as Exhibit A.

**Exhibit "2"** at § 2.

40.     In section 11 of the Lease, titled "Monthly Payments," the parties agreed to the

following payment remittance framework:

> **Monthly Payments.**  AFR will invoice Lessee monthly for the Rent
> due on all units of Leased Furniture in Lessee's possession as of the
> invoice date.  Lessee agrees to pay in advance via credit card all
> Rent invoices plus one month security.  Rent invoices will be pro-
> rated if and to the extent any Leased Furniture is picked-up before
> the end of the then-current invoice period.

**Exhibit "2"** at § 11.

41.     Under section 15 of the Lease, titled "Default":

> If either party defaults on any of its obligations under this
> Agreement, the non-defaulting party shall give the defaulting party
> prompt written notice of such default and the defaulting party shall
> have ten (10) days from receipt of such written notice to cure the
> default.  If the defaulting party fails to cure the default within this
> 10-day period, the non-defaulting party may, at its option, terminate
> this Agreement and seek any available legal and/or equitable
> remedies.

**Exhibit "2"** at § 15.

**B.     "Vacation Rentals" Defaults Under The Lease**

42.     From and after January 12, 2021, AFR shipped Leased Furniture to locations across

the Country, as instructed by Mr. Chatmon and "Vacation Rentals."

43.     In accordance with the Lease, AFR invoiced Vacation Rentals for rental charges

corresponding to each unit of Leased Furniture on a monthly basis.

44.     Though Vacation Rentals initially made some lease payments, the Lease has been

in default since in or about November 2021.

45.     On February 7, 2022, AFR sent Vacation Rentals a "Notice of Default", via Email

and Federal Express, notifying Vacation Rentals that (i) it is in default under the Lease for failing

to satisfy the outstanding invoices (the "Defaults"), then in the amount of $353,413.08, (ii) AFR demanded that Vacation Rentals return all Leased Furniture to AFR; and (iii) if Vacation Rentals fails to cure the Defaults and return the Leased Furniture within the required 10-day cure period, AFR would file suit.  A true and correct copy of the Notice of Default is attached hereto as **Exhibit "3"**.

46.     Vacation Rentals failed and/or refused to satisfy the outstanding balance then owed to AFR and further refused to return the Leased Furniture to AFR.

47.     As of September 1, 2022, the outstanding balance owed to AFR is $729,470.40, plus ongoing rental charges and related fees and costs (the "Outstanding Balance").

48.     As of September 2022, rental charges continue to accrue at the rate of $27,333.09 per month.

## C.     AFR Discovers That It Was Defrauded

49.     After sending the Notice of Default, AFR discovered that Mr. Chatmon misrepresented Vacation Rentals' legal and corporate existence, among other misrepresentations.

50.     The Leased Furniture was and is being utilized by the other Corporate Defendants, as "Vacation Rentals" is simply an alter ego, instrumentality, and/or shell entity of CorpHousing Inc., SobeNY Inc., CorpHousing LLC, S-Be Rentals, Mr. Chatmon, and possibly others.

51.     Contrary to Mr. Chatmon's representations to AFR, Vacation Rentals had been voluntarily dissolved effective as of December 31, 2017 — three years before executing the Lease. A true and correct copy of an Entity Detail Report for Vacation Rentals maintained by the Florida Division of Corporations is attached hereto as **Exhibit "4"**.

52.     Mr. Chatmon used and continues to use a CorpHousing Inc.-sponsored email address to interact with AFR and others on behalf of Vacation Rentals.

53.     Further, both CorpHousing LLC and S-Be Rentals have the same principal address as Vacation Rentals — 1200 Ocean Drive, Miami Beach, Florida 33139.

54.     On a few occasions when Vacation Rentals made payments to AFR under the Lease, the payments came from a bank account owned by CorpHousing Inc. — not Vacation Rentals.

55.     On other occasions, payments under the Lease would be made from a credit card in the name of "Jimmie Chatmon."

56.     Vacation Rentals is the alter ego, instrumentality, and/or shell entity of CorpHousing Inc., SoBeNY Inc., CorpHousing LLC, S-Be Rentals, Mr. Chatmon, and possibly others such that the legal separateness of each Defendant should be disregarded.

**D.      The Lease Is In Default**

57.     Defendants committed Defaults under the Lease, directly or by legal imputation, by failing to pay the Outstanding Invoices issued by AFR as and when due.

58.     By their Defaults, Defendants jointly and severally owe AFR $729,470.40 as of September 1, 2022, and rental fees and charges continue to accrue from and after September 1, 2022 in accordance with the terms of the Lease.

59.     AFR has fulfilled all conditions precedent to filing this action.

60.     Defendants have no legal right to continue to utilize the remaining Leased Furniture and AFR is entitled to the immediate possession of all Leased Furniture provided to Defendants under the Lease.

**D.      Bases For Equitable Relief - Defendants' Ability To Satisfy Their Obligations To AFR And Others Is In Grave Doubt**

61.     Upon information and belief, Vacation Rentals has no significant assets because it was voluntarily dissolved in 2017.

62.     Though CorpHousing LLC and S-Be Rentals appear to be viable Florida entities, CorpHousing Inc. represented in its S-1 that these entities have been converted into CorpHousing Inc.

63.     Accordingly, upon information and belief, CorpHousing LLC and S-Be Rentals appear to be shell entities with no significant assets.

64.     In its S-1, CorpHousing Inc. represented that it incurred net losses in the amount of $4,615,725 and $2,233,384 in 2020 and 2021, respectively.

65.     As of March 31, 2022, CorpHousing Inc. had a total stockholder deficit, *i.e.*, negative retained earnings, in the amount of $10,208,990.

66.     A prior version of the S-1 was filed by CorpHousing Inc. on or about January 12, 2022.  CorpHousing Inc. has been attempting to raise capital in the public markets since at least January 12, 2022 — without success.

67.     Upon information and belief, CorpHousing Inc. lacks the capital to operate its business and pay its obligations in the ordinary course of business.

68.     Defendants have defaulted on their contractual obligations to at least two owners of Rental Units that house Leased Furniture.

69.     Upon information and belief, CorpHousing Inc. is insolvent or in the zone of insolvency.

70.     CorpHousing's S-1 and its subsequent inability to raise capital demonstrate, among other things, that its ability to satisfy its obligations to AFR is in grave doubt, and further demonstrates that Defendants lack adequate capital with which to fund their businesses.

71.     AFR has not been offered any protection against the depreciation or diminution of its Leased Furniture.

## COUNT I
## BREACH OF CONTRACT
### (American Furniture Rentals, Inc. v. All Defendants)

72.     AFR repeats and incorporates the preceding paragraphs as if fully set forth at length herein.

73.     The Lease constitutes a valid contract between AFR and "Vacation Rentals", which is the alter ego and/or instrumentality of the remaining Defendants.

74.     Defendants are in default of their obligations to AFR under the Lease, specifically, Defendants' obligations to make full payments to AFR under the Outstanding Invoices and Lease as and when due, and Defendants' obligation to return the Leased Furniture to AFR as demanded.

75.     Despite AFR's Notice of Default and due demand, Defendants have failed and refused to satisfy the Outstanding Invoices due and owing under the Lease.

76.     As of September 1, 2022, Defendants, jointly and severally, owe AFR $729,470.40 under the Lease, plus additional rental charges that continue to accrue from and after September 2, 2022.

## COUNT II
## ACCOUNT STATED
### (American Furniture Rentals, Inc. v. All Defendants)

77.     AFR repeats and incorporates the preceding paragraphs as if fully set forth at length herein.

78.     AFR leased the Leased Furniture to "Vacation Rentals," which agreed to pay for the Leased Furniture in accordance with the terms of the Lease and the various statements of account and invoices issued by AFR.

79.     Defendants have never objected to the statements of account or the Outstanding Invoices.

80.    Despite demand, Defendants have failed to pay AFR the total amounts due and owing.

81.    As of September 1, 2022, as a direct and proximate result of Defendants' failures to pay the accounts as stated, AFR has been damaged in an amount in excess of $729,470.40, plus ongoing rental charges that continue to accrue under the Lease from and after September 2, 2022.

**COUNT III**
**UNJUST ENRICHMENT (*In The Alternative*)**
**(American Furniture Rentals, Inc. v. All Defendants)**

82.    AFR repeats and incorporates the preceding paragraphs as if fully set forth at length herein, except for paragraphs 9, 36, 37, 39, 43, 73, and 74.

83.    AFR provided Vacation Rentals with the Leased Furniture in reliance on, among other things, Vacation Rentals' promise to pay all sums due and owing as set forth in the Lease and the Outstanding Invoices.

84.    AFR reasonably relied on Vacation Rentals' promise to pay all sums due and owing to AFR.

85.    From and after January 12, 2021, AFR provided Leased Furniture to what was purported to be Vacation Rentals, at Vacation Rentals' request.

86.    Upon information and belief, the actual recipients and/or beneficiaries of the Leased furniture were the other Corporate Defendants, who have been in possession or control of the Leased Furniture and have benefitted from being able to use the Leased Furniture in connection with their businesses.

87.    Despite demand, unpaid invoices totaling in excess of $729,470.40 remain outstanding, plus ongoing rent charges pursuant to the Lease from and after September 2, 2022.

88.    It would be unjust for the Defendants to have possessed and used the Leased

Furniture without paying the charges that have accrued under the Lease.

89.     By reason of the foregoing, Defendants have been unjustly enriched at the expense of AFR.

90.     As of September 1, 2022, Defendants, jointly and severally, have been unjustly enriched in the amount of $729,470.40.

## COUNT IV
## FRAUD - INTENTIONAL MISREPRESENTATION
### (American Furniture Rentals, Inc. v. All Defendants)

91.     AFR repeats and incorporates the preceding paragraphs as if fully set forth at length herein.

92.     As set forth more fully above, Mr. Chatmon made materially false representations to AFR, including but not limited to, that Vacation Rentals maintained an active legal corporate existence when it executed the Lease (the "Misrepresentations").

93.     Mr. Chatmon knew that the Misrepresentations were materially false when made, and intended that AFR would rely on them.

94.     AFR justifiably and reasonably relied on Mr. Chatmon's Misrepresentations by entering into a Lease with "Vacation Rentals," and as a result sent Defendants hundreds of thousands of dollars' worth of Leased Furniture.

95.     Mr. Chatmon's conduct was wanton and willful, and committed with actual malice.

96.     As a direct and proximate consequence of Mr. Chatmon's Misrepresentations, AFR has suffered an actual loss and is further entitled to an award of punitive damages.

## COUNT V
## NEGLIGENT MISREPRESENTATION (In the Alternative)
### (American Furniture Rentals, Inc. v. All Defendants)

97.     AFR repeats and incorporates the preceding paragraphs as if fully set forth at length

herein.

98.     As set forth more fully above, Mr. Chatmon made materially false representations to AFR that were intended to induce AFR into entering into a Lease with an entity that Mr. Chatmon knew or should have known had been voluntarily dissolved, and therefore would not have sufficient and collectible assets, including but not limited to, the Misrepresentations set forth above.

99.     Mr. Chatmon knew or should have known that the Misrepresentations were materially false when made, and knew or should have known that AFR would rely on them.

100.     AFR justifiably and reasonably relied on Mr. Chatmon's Misrepresentations, entering into a Lease with Vacation Rentals and sending hundreds of thousands of dollars worth of Leased Furniture.

101.     Mr. Chatmon's conduct was reckless or negligent.

102.     As a direct and proximate consequence of Mr. Chatmon's Misrepresentations, AFR has suffered an actual loss and is further entitled to an award of punitive damages.

<u>**COUNT VI**</u>
**CONVERSION**
**(American Furniture Rentals, Inc. v. All Defendants)**

103.     AFR repeats and incorporates the preceding paragraphs as if fully set forth at length herein.

104.     The Lease is a "true lease," therefore, AFR owns all rights in the Leased Furniture.

105.     As a result of their Defaults, AFR was entitled to immediate possession of the Leased Furniture.

106.     In its Notice of Default to Defendants, AFR demanded, among other things, the return of all Leased Furniture.

107.     Defendants have no contractual or other right to possess or otherwise control the Leased Furniture.

108.     Despite demand, Defendants refused and continue to refuse to comply with AFR's demands, as AFR continues to profit from AFR's Leased Furniture.

109.     By possessing and/or exercising dominion and effective control over the remaining Leased Equipment, Defendants have intentionally and wrongfully interfered with AFR's superior possessory rights without AFR's consent and without lawful justification, constituting a conversion of the Leased Furniture.

110.     Defendants' wrongful actions have proximately caused AFR to suffer substantial damages, presently in the amount of $729,470.40.

111.     Defendants' actions are intentional, willful, malicious, and oppressive, and justify an award of punitive or exemplary damages.

<u>**COUNT VII**</u>
**TRESPASS TO CHATTELS**
**(American Furniture Rentals, Inc. v. All Defendants)**

112.     AFR repeats and incorporates the preceding paragraphs as if fully set forth at length herein.

113.     Without AFR's consent, Defendants intentionally have and continue to deprive AFR of access to, and use of, the Leased Furniture, thereby dispossessing AFR of its rightful personal property.

114.     Defendants' wrongful actions have proximately caused injury to AFR in an amount in excess of $729,470.40, plus ongoing rental charges that continue to accrue under the Lease from and after September 2, 2022.

## COUNT VIII
### REPLEVIN
**(American Furniture Rentals, Inc. v. All Defendants)**

115.    AFR repeats and incorporates the preceding paragraphs as if fully set forth at length herein.

116.    AFR owns all rights in the Leased Furniture.

117.    Upon Defendants' Defaults, AFR was and remains entitled to repossess the Leased Furniture.

118.    In its Notice of Default, AFR demanded, among other things, the return of all of the Leased Furniture.  *See* **Exhibit "3"**.

119.    AFR is entitled to immediate possession of the Leased Furniture.

120.    The Leased Furniture is personal property that has significant value to AFR.  As of September 1, 2022, Leased Furniture with a value of $180,626.60 is being utilized by Defendants and others at various locations across the United States, with Defendants presumably profiting from their use but not paying their obligations to AFR.  AFR appears to be the only party not benefiting from the Leased Furniture.

121.    Upon information and belief, the Leased Furniture presently is located in approximately thirty-eight (38) rental units in various metropolitan areas throughout the United States.  A true and correct copy of a spreadsheet containing the location and other identifying information relating to the remaining Leased Furniture is attached hereto as **Exhibit "5"**.

122.    The Leased Furniture consists of, among other things, living room, dining room, and bedroom furniture and housewares, including beds, desks, dressers, lamps, tables, chairs, linens, and electronics, and is valued at $185,291.40.

123.     AFR is willing and able to post a bond in the face amount of $370,582.80 — which is twice the value of the remaining Leased Furniture.

124.     Federal Rule of Civil Procedure 64(a) states that an action for replevin is available "under the law of the state where the court is located."  Pennsylvania Rule of Civil Procedure 1072, in turn, provides that an action for replevin "may be brought in a county in which a civil action may be brought or in the county in which the property to be replevied is found."  As venue is appropriate in this Court, replevin is properly venued in this Court, regardless of the physical location of the Leased Furniture.

125.     AFR is entitled to an order for possession or seizure of the Leased Furniture.

## COUNT IX
## PRELIMINARY AND/OR PERMANENT INJUNCTION (*In the Alternative*)
## (American Furniture Rentals, Inc. v. All Defendants)

126.     AFR repeats and incorporates the preceding paragraphs as if fully set forth at length herein.

127.     AFR requests preliminary and/or injunctive relief as an alternative to its claim for Replevin in Count VIII.

128.     AFR owns all title to and right in the Leased Furniture, and has the exclusive right to immediate possession of the Leased Furniture.

129.     Defendants presently possess and/or have effective control of the Leased Furniture and wrongfully refuse to return the Leased Furniture to AFR.

130.     Defendants do not have any claim of ownership or right to possess the Leased Furniture.

131.     Defendants have used and exploited, and are continuing to use and exploit, the Leased Furniture for a profit.

132.    Defendants' continued possession and/or effective control of the Leased Furniture has deprived and continues to deprive AFR of the ability to lease it to third parties that are willing and able to pay for it.

133.    Further, Defendants' ability to pay money damages to AFR is in grave doubt.  This increases the danger of irreparable injury to AFR whether or not AFR is able to recover the Leased Furniture.

134.    Further, the Leased Furniture is depreciating in value and such depreciation will continue and accelerate through the passage of time.

135.    The Leased Furniture is mobile and therefore may be moved out of the Rental Units in a way that detrimentally affects AFR's ability to exercise its ownership and possessory rights to the Leased Furniture.

136.    An order of this Court compelling Defendants and others to return the Leased Furniture to AFR, and restraining Defendants and others in possession, custody, or control of the Leased Furniture (who will be named in a separate motion) from undertaking any acts or omissions that would inhibit the Leased Furniture's return to AFR would promote efficiency by (i) allowing AFR—its rightful owner—to lease the Leased Furniture to third parties, thereby mitigating Defendants' liability to AFR for money damages; (ii) fixing the Leased Furniture's present value by allowing AFR to immediately lease it to third parties; and (iii) ensuring, through the posting of a bond, that Defendants are adequately protected in the event that AFR is not ultimately victorious in this action — which it will be.

137.    The amount due and owing AFR under the Lease will continue to increase substantially unless Defendants and others in possession, custody, and control of the Leased Furniture are compelled to return it to AFR, its rightful owner.

138.    AFR has suffered and will continue to suffer irreparable harm.

## COUNT X
## APPOINTMENT OF A RECEIVER
### (American Furniture Rentals, Inc. v. All Defendants)

139.    AFR repeats and incorporates the preceding paragraphs as if fully set forth at length herein.

140.    AFR has been irreparably harmed as set forth above, and without judicial intervention and the appointment of a receiver, AFR will continue to suffer irreparable harm.

141.    A receiver also is necessary to determine if Defendants have viable businesses and, if not, whether Defendants' assets should be liquidated in an orderly manner and, if there is any equity in the assets, for the benefit of all creditors.

142.    As demonstrated above, AFR has common law and statutory grounds for the appointment of a receiver, and equity demands the appointment of a receiver to take control of Defendants' business operations and to determine whether those business operations are viable and, if not, to conduct an orderly and transparent liquidation of assets.

143.    The appointment of a receiver is necessary to prevent further irreparable harm to AFR.

## COUNT XI
## SUCCESSOR LIABILITY/DE FACTO MERGER OR CONSOLIDATION
### (American Furniture Rentals, Inc. v. CorpHousing Inc.)

144.    AFR repeats and incorporates the preceding paragraphs as if fully set forth at length herein.

145.    Upon information and belief, CorpHousing Inc. conducts the same business that Vacation Rentals previously conducted before it dissolved.

146.   Upon information and belief, CorpHousing Inc. and Vacation Rentals have the same or substantially the same ownership.

147.   Vacation Rentals dissolved effective as of December 31, 2017 and, upon information and belief, was subsequently used for the benefit of CorpHousing Inc., among others.

148.   Upon information and belief, by operation of law as a result of concepts of successor liability, or de facto merger or consolidation, CorpHousing Inc. assumed all the obligations of Vacation Rentals to AFR.

149.   Upon information and belief, CorpHousing Inc. presently maintains possession, custody, and/or control of, and/or benefits from, AFR's Leased Furniture.

150.   Upon information and belief, CorpHousing Inc. is managed by the same or substantially the same personnel as was Vacation Rentals, including Mr. Chatmon.

151.   CorpHousing Inc. assumed ownership of Vacation Rentals' business with little more than a technical name change.

152.   Based on the foregoing, there was a de facto merger or consolidation between Vacation Rentals and CorpHousing Inc. as a result of which CorpHousing Inc. is liable for all of Vacation Rentals' debts to AFR.

<u>**REQUEST NO. 1**</u>
**PARTICIPATION THEORY OF LIABILITY**

153.   AFR repeats and incorporates the preceding paragraphs as if fully set forth at length herein.

154.   With respect to Counts III (Unjust Enrichment), IV (Intentional Misrepresentation), V (Negligent Misrepresentation), VI (Conversion), VII (Trespass to Chattels), and VIII (Replevin), Mr. Chatmon actively and directly participated in the conduct giving rise such claims.

155.   Mr. Chatmon's Misrepresentations constitute acts of misfeasance, as he personally

undertook active efforts to misrepresent information that AFR relied on before entering into the Lease.

156.     Accordingly, AFR requests that the Court hold Jimmie Chatmon individually liable for the misfeasance that he committed against AFR, which gave rise to AFR's claims under Counts III through VIII.

<u>**REQUEST NO. 2**</u>
**REQUEST TO PIERCE THE CORPORATE VEIL**

157.     AFR repeats and incorporates the preceding paragraphs as if fully set forth at length herein.

158.     With respect to Counts I through XI, AFR requests that the Court exercise its equitable powers to pierce the corporate veil and hold Mr. Chatmon individually liable for the acts and omissions of Vacation Rentals for the following reasons, among others alleged herein:

    a.     Mr. Chatmon, purporting to act on behalf of "Vacation Rentals" fraudulently induced AFR to enter into the Lease with an entity that did not have an independent corporate existence

    b.     Upon information and belief, Mr. Chatmon commingled the purported accounts of "Vacation Rentals" with his personal accounts

    c.     Mr. Chatmon failed to adhere to corporate formalities;

    d.     Mr. Chatmon used "Vacation Rentals" as his and the remaining Corporate Defendants' shell entity, alter ego, and/or instrumentality to defraud or otherwise harm AFR; and

    e.     Upon information and belief, Mr. Chatmon personally benefitted from his fraudulent conduct.

159.     Also, with respect to Counts I through XI, AFR requests that the Court pierce the

corporate veil and hold CorpHousing Inc., SoBeNY Inc., CorpHousing LLC, S-Be Rentals, Vacation Rentals, and Mr. Chatmon, liable, jointly and severally liable for the acts and omissions of Vacation Rentals and Jimmie Chatmon for the following reasons, among others alleged herein:

      a.  "Vacation Rentals" and the remaining Corporate Defendants shared and share a common identity;

      b.  Upon information and belief, the assets of "Vacation Rentals" capitalized CorpHousing LLC and S-Be Rentals, which were later converted into CorpHousing Inc. and SoBeNY Inc.;

      c.  "Vacation Rentals" de facto merged or consolidated into CorpHousing Inc.;

      d.  Upon information and belief, there is a commonality of ownership and control between "Vacation Rentals" and the remaining Corporate Defendants; and

      e.  The remaining Corporate Defendants presently are utilizing the remaining Leased Furniture in the Rental Units.

160.    Further, upon information and belief, CorpHousing Inc., SoBeNY Inc., CorpHousing LLC, S-Be Rentals, and Vacation Rentals operated or operate without due regard for corporate or entity formalities.

161.    For example, and without limitation, Mr. Chatmon used Vacation Rentals as a shell entity to enter into the Lease with AFR, thereby attempting to shield CorpHousing Inc., SoBeNY Inc., CorpHousing LLC, S-Be Rentals, and Mr. Chatmon from creditors, specifically AFR.

162.    Defendants make no material distinction between CorpHousing Inc., CorpHousing LLC, S-Be Rentals, and Vacation Rentals.

163.    Upon information and belief, at all relevant times Defendants have commingled their respective funds with each other.

164.     It would be patently unjust to permit Defendants to avoid the obligations owed to AFR under the Lease and applicable law.

165.     Accordingly, the Court should enter an order piercing the corporate veil, as Defendants have conducted business in such a way, intentionally or negligently and/or without regard to corporate or entity formalities, as to hinder potential creditors like AFR.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff American Furniture Rentals, Inc. respectfully requests judgment and/or a preliminary order in its favor and against Vacation Rentals LLC, CorpHousing LLC, SoBeNY Partners Inc., CorpHousing Group Inc., S-Be Rentals LLC, and Jimmie Chatmon, jointly and severally, as follows:

A.     An award of compensatory damages in the amount of $729,470.40, plus ongoing rental charges that continue to accrue from and after September 2, 2022, together with post-judgment interest at the statutory rate of 6% per annum;

B.     An award of punitive or exemplary damages;

C.     An order, through the exercise of the Court's equitable powers, piercing the corporate veil of Vacation Rentals LLC, to reach the assets of Jimmie Chatmon, CorpHousing Group Inc., SoBeNY Partners Inc., S-Be Rentals LLC, CorpHousing LLC, and Mr. Chatmon;

D.     An order holding Jimmie Chatmon individually liable for the acts of Vacation Rentals LLC and any remaining Defendants, as a result of Mr. Chatmon's participation in acts of misfeasance that gave rise to AFR's tort claims;

E.     An order granting a Writ of Replevin and/or, after a separate motion and a hearing, an Order of Seizure in AFR's favor and against Defendants and other persons to be named, including a provision authorizing a United States Marshal or Sheriff of any jurisdiction within the

United States in which Leased Furniture is located, for all Leased Furniture that AFR shipped at "Vacation Rentals'" direction pursuant to the Lease;

      F.     A preliminary and permanent injunction enjoining and/or restraining Defendants from selling, auctioning, leasing, pleading, encumbering, removing, transferring, dismantling, commingling, using, concealing, hiding, or otherwise disposing of any of the Leased Equipment in a manner that is inconsistent with AFR's ownership and possessory interests, including the hindering of a United States Marshal or Sheriff from seizing the Leased Furniture and returning it to AFR;

      G.     As an alternative to replevin or writ of seizure, an order, upon further motion filed by AFR, for a preliminary and permanent injunction directing Defendants to return to AFR all Leased Furniture that AFR shipped at "Vacation Rentals'" direction pursuant to the Lease;

      H.     An order, upon further motion filed by AFR, granting the immediate appointment of a receiver for Defendants' assets and business operations with such powers and duties as this Court shall determine;

      I.     An order declaring a de facto merger or consolidation between Vacation Rentals and CorpHousing Inc.; and

      J.     Such further relief in AFR's favor as the Court deems equitable and just.

                                              KLEHR | HARRISON | HARVEY | BRANZBURG LLP

Dated:  September 13, 2022                 By:   *D J Ferris*

                                            Morton R. Branzburg (24477)
                                            D. Joseph Ferris (314146)
                                          1835 Market Street, Suite 1400
                                          Philadelphia, PA  19103
                                          Phone: 215-569-2700
                                          Facsimile: 215-568-6603
                                          *Attorneys for Plaintiff*

## VERIFICATION[1]

I, Charlie Howard, hereby state that I am Operations Controller for Plaintiff American Furniture Rentals, Inc., that I have read the statements contained in the foregoing Verified Complaint for Damages and Injunctive Relief, and that the statements contained therein are true and correct to the best of my knowledge, information, and belief. The undersigned also understands that these statements are made subject to the penalties of 18 Pa. C.S.A. § 4904 relating to unsworn falsification to authorities.

Dated: September 12, 2022

_____
Charlie Howard

---

[1] This Verification is submitted pursuant to Pa. R. Civ. P. 1073.1(b), which is made applicable here by Fed. R. Civ. P. 64.